

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV–16–168

|  |  |
|---|---|
| VIRGINIA MEDEIROS<br><br>APPELLANT<br><br>V.<br><br>JULIO C. MEDEIROS<br><br>APPELLEE | **Opinion Delivered** November 2, 2016<br><br>APPEAL FROM THE MARION COUNTY CIRCUIT COURT [NO. 45DR-14-125-4]<br><br>HONORABLE GORDON WEBB, JUDGE<br><br>REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; REBRIEFING ORDERED |

**PHILLIP T. WHITEAKER, Judge**

Appellant Virginia Medeiros appeals a Marion County Circuit Court order barring enforcement of her claim of spousal support from her ex-husband, appellee Julio Medeiros. Her claim of spousal support arose from a California divorce decree. The circuit court denied the enforcement on the basis of laches. Because essential documents are missing from our record, we remand to settle the record and order supplementation of the record and rebriefing.

A brief recitation of the facts is necessary to explain the need for the requested documents. Virginia and Julio divorced in California in 1991. The divorce decree ordered Julio to pay spousal support to Virginia. Thereafter, Virginia moved to Hawaii, and Julio subsequently moved to Arkansas.

On July 15, 2014, Virginia filed a petition to register her California divorce decree in Arkansas pursuant to the Uniform Interstate Family Support Act[1] (UIFSA). She attached the 1991 divorce decree and an affidavit of arrearage to the petition. She also filed a motion for contempt, alleging Julio's failure to make his spousal support payments under the decree, and seeking enforcement of the California judgment in the Arkansas courts. At her request, the court scheduled a hearing on her motion for contempt for November 19, 2014.

The record next reflects that Julio was served on August 1, 2014. The proof of service reflects that the following documents were served on him: (1) a copy of the summons; (2) a notice; (3) a notice of hearing; (4) the petition to register a foreign divorce decree; (5) the motion for contempt; (6) an exhibit; and (7) plaintiff's first set of interrogatories and request for production of documents propounded to defendant. On August 26, 2014, Julio filed an answer to the petition, asserting a general denial to the allegations but specifically raising the affirmative defense of laches, the statute of limitations, and other defenses "found in the Arkansas Rules of Civil Procedure" and the constitutions of the United States and Arkansas. Virginia responded that Julio had failed to follow the statutory procedure to properly object to the registration of the California decree, that his defenses should not be permitted, and that the registration should be confirmed. The trial court acknowledged that Julio had not requested a hearing as required by statute but allowed him to challenge the registration and applied the defense of laches to bar Virginia's enforcement of the decree. Virginia has appealed to this court, raising three specific arguments: (1) the court erred in allowing certain equitable

---

[1] Ark. Code Ann. §§ 9-17-101 (Repl. 2015) et seq.

defenses to the registration of their California divorce decree after an untimely response and a failure to request a hearing; (2) the court erred in applying Arkansas law instead of California law when applying the equitable defense of laches; and (3) the court erred in determining that her claim was barred by laches.

We cannot address the arguments raised at this time because two essential documents are missing from our record. Neither the summons nor the "Notice" referenced in the return of service are contained in our record. The trial court held that, although Julio had failed to answer the petition to register in the twenty days allowed by statute, it would nevertheless allow him to challenge the registration of the decree because the Summons issued by the clerk's office gave him the standard thirty days in which to answer and because the service packet included a notice of hearing set at Virginia's request. Because the missing Summons forms the basis of the trial court's opinion, this document is essential to our determination of the issues.

Likewise, the missing "Notice" referenced in the proof of service is essential to our determination of the issues. Arkansas Code Annotated section 9-17-605(a) provides that, when a support order issued in another state is registered, as happened here, the nonregistering party shall be notified of the registration. *See* Ark. Code Ann. § 9-17-605(a). This statutory notice provides crucial information to the nonregistering party about contesting the registration. Section 9-17-605(b) states that "[t]he notice must inform the nonregistering party: (1) that a registered support order is enforceable as of the date of registration in the same manner as an order issued by a tribunal of this state; (2) that a hearing to contest the validity

or enforcement of the registered order must be requested within 20 days after notice; (3) that failure to contest the validity or enforcement of the registered order in a timely manner will result in confirmation of the order and enforcement of the order and the alleged arrearages; and (4) of the amount of any alleged arrearages. Ark. Code Ann. § 9-17-605(b). It is clear that Virginia takes the position that Julio did not comply with this statutory provision. It is unclear from our record if this notice was ever given and, if it was, what information it contained. As a result, the missing "Notice" is essential.

Arkansas Supreme Court Rule 4-2(a)(8) requires that the addendum to appellant's brief include all documents that are essential for the appellate court to understand the case and to decide the issues on appeal. Additionally, if anything material to either party is omitted from the record by error or accident, we may direct that the omission be corrected, and if necessary, that a supplemental record be certified and transmitted. Ark. R. App. P.–Civ. 6(e). Because of the deficiency in the record, as outlined above, we remand to the circuit court to settle and supplement the record with the necessary documents, to be completed within thirty days. Upon filing of the supplemental record, Virginia shall then have fifteen days in which to file a substituted abstract, addendum, and brief. *See* Ark. Sup. Ct. R. 4-2(b)(3). After Virginia files the substituted brief, Julio may revise or supplement his brief within fifteen days of the filing of appellant's brief or may rely on his previously filed brief.

Remanded to settle and supplement the record; rebriefing ordered.

GLADWIN, C.J., and ABRAMSON, J., agree.

*Carla Miller* and *Kimberly Eden*, for appellant.

*Samuel J. Pasthing*, for appellee.