
# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-16-168

| | | |
|---|---|---|
| VIRGINIA MEDEIROS | | **Opinion Delivered** March 1, 2017 |
| | APPELLANT | |
| | | APPEAL FROM THE MARION COUNTY CIRCUIT COURT [NO. 45DR-14-125-4] |
| V. | | |
| | | HONORABLE GORDON WEBB, JUDGE |
| JULIO C. MEDEIROS | | |
| | APPELLEE | |
| | | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant Virginia Medeiros appeals a Marion County Circuit Court order barring enforcement of her claim of spousal support from her ex-husband, appellee Julio Medeiros.[1] On appeal, Virginia contends that the trial court erred in (1) allowing Julio to assert certain equitable defenses, including the equitable defense of laches; (2) applying Arkansas law instead of California law; and (3) determining that her claim was barred by laches. We affirm.

A brief recitation of the facts is necessary. Virginia and Julio were divorced in the State of California in 1991. Under the terms of the California divorce decree, Julio had an obligation to pay Virginia spousal support. On July 15, 2014, Virginia filed a petition to register her California divorce decree in Arkansas pursuant to the Uniform Interstate Family Support Act[2] (UIFSA). She also filed a motion for contempt, alleging Julio's failure to make

---

[1] This is the second time this case is before us. *Medeiros v. Medeiros*, 2016 Ark. App. 522. (*Medeiros I*).

[2] Ark. Code Ann. §§ 9-17-101 et seq (Repl. 2015).

his spousal–support payments under the decree and seeking enforcement of the California judgment in the Arkansas courts. She attached the 1991 divorce decree and an affidavit of arrearage to the petition. At her request, the court scheduled a hearing on her motion for contempt for November 19, 2014.

Julio was served on August 1, 2014, and on August 26, 2014, he filed an answer to the petition. Julio asserted a general denial to the allegations but specifically raised the affirmative defense of laches, the statute of limitations, and other defenses "found in the Arkansas Rules of Civil Procedure" and the constitutions of the United States and Arkansas. Virginia responded that Julio had failed to follow the statutory procedure to properly object to the registration of the California decree, that his defenses should not be permitted, and that the registration should be confirmed. The trial court allowed Julio to challenge the registration and then applied the defense of laches to bar Virginia's enforcement of the decree. Virginia appeals.

Virginia first argues that the trial court erred in allowing Julio to assert a challenge to the registration of their California divorce decree. She argues that Julio's response was untimely and that he failed to request a hearing as required under UIFSA.

In order to address Virginia's first argument, a review of the statutory requirements of UIFSA is in order. UIFSA is a mechanism by which support orders issued in one state may be registered in another for purposes of enforcement. Here, California issued a support order, and it can be registered in Arkansas for enforcement purposes. Ark. Code Ann. § 9-17-601. UIFSA sets out the procedure for proper registration. On receipt of a proper request for

registration, the registering tribunal shall cause the order to be filed as "an order of a tribunal of another state or a foreign support order." Ark. Code Ann. § 9-17-602(b). The support order issued in another state is considered "registered" when the order is filed. Ark. Code Ann. § 9-17-603(a). Here, Virginia properly filed the California decree with the State of Arkansas, and it was registered at the time of filing.

UIFSA also sets forth the proper procedures for enforcement of a registered support order from another state. Once a support order has been registered pursuant to UIFSA, the nonregistering party shall contest the validity or enforcement by requesting a hearing within twenty days after notice of registration. Ark. Code Ann. §§ 9-17-605 and -606. The only method for contesting the validity of a foreign support order is to request a hearing within twenty days after notice of registration. *State of Washington v. Thompson*, 339 Ark. 417, 6 S.W.3d 82 (1999). If the nonregistering party fails to timely contest the validity or enforcement of the support order, the order is confirmed by operation of law. Ark. Code Ann. § 9-17-605(b).

Virginia argues that it is undisputed that Julio did not request a hearing within twenty days of service. Based on his failure to timely contest, she argues that the order was confirmed by operation of law. Once confirmed, Virginia argues, he is precluded from any further contest of the order with respect to any matter that could have been asserted at the time of the registration. Ark. Code Ann. § 9-17-608. Virginia's argument and statement of the law is incomplete because it ignores the UIFSA notice requirement.

When a support order issued in another state is registered, the registering tribunal of this state shall notify the nonregistering party of the registration. Ark. Code Ann. § 9-17-605(a). The notice requirement under UIFSA is very specific. The notice must be accompanied by a copy of the registered order and the documents and relevant information accompanying the order. *Id.* The notice must inform the nonregistering party (1) that a registered support order is enforceable as of the date of registration in the same manner as an order issued by a tribunal of this state; (2) that a hearing to contest the validity or enforcement of the registered order must be requested within twenty days after notice; (3) that failure to contest the validity or enforcement of the registered order in a timely manner will result in confirmation of the order and enforcement of the order and the alleged arrearages; and (4) of the amount of any alleged arrearages. Ark. Code Ann. § 9-17-605(b).

Here, there is no record that Julio was ever served with notice setting forth the specific UIFSA requirements pursuant to Arkansas Code Annotated § 9–17–605(b). The return of service indicates that Julio was served with the following documents: (1) a summons reciting the standard thirty-day time limit for answering imposed by the Arkansas Rules of Civil Procedure; (2) a notice; (3) a notice of hearing; (4) the petition to register a foreign divorce decree; (5) the motion for contempt; (6) an exhibit; and (7) plaintiff's first set of interrogatories and request for production of documents propounded to defendant. In *Mederios I*, *supra*, we noted that, while the return of service represented that Julio was served with a "Notice," no copy of this document was contained within our record. We stressed that this missing "Notice" was "essential to our determination of the issues." We ordered the

4

parties to settle and supplement the record with the documents served on Julio when the case was first initiated. Despite our remand for supplementation, the record is still void of this missing "Notice."

We hold that Julio was never served with the necessary notice required by Arkansas Code Annotated § 9-17-605(b). There is no evidence in the record that Julio received any notice specifying the correct time limitation or procedure by which to contest the registration under UIFSA, and Julio specifically denied receiving any such notice. Arkansas Code Annotated § 9-17-605 mandates that the nonregistering party shall be notified. Under our principles of statutory construction, "shall" is mandatory. *Thompson*, *supra*. Because Julio was not properly notified, the California support order was not confirmed by operation of law.

However, our analysis does not end there. The trial court found that the information given to Julio provided conflicting information about the appropriate course of action to take in responding to the proceedings against him. Here, Julio received a summons reciting a thirty-day time limit upon which to respond, as well as a notice of hearing referencing both the registration of the contempt decree and the contempt motion. Julio was also served with the petition to register. However, the petition to register did not reference UIFSA nor did it provide the required notice detailing his obligations under UIFSA. Relying on this court's decision in *Thompson*, *supra*, the trial court found that, because the information provided to Julio stated that he had thirty days in which to respond and that a hearing had been set at Virginia's request, Julio's response would be treated as timely and he would be allowed to present his defenses. The trial court was correct in its assertion.

This case is factually similar to *Thompson*. In *Thompson*, this court held that Thompson should not be barred from asserting his defenses under Arkansas Code Annotated § 9-17-607, because the information he received when he was served with the petition to register was conflicting and confusing as to the appropriate course of action to take in responding to the proceedings against him. Here, in addition to not being properly served with the necessary UIFSA notice, Julio was served with information that he had thirty days to respond and that a hearing had already been requested. Just as this court found in *Thompson*, it was not unreasonable for Julio to believe that all of the actions required by the summons and the notice of registration had been taken; that is, a hearing had been requested, albeit by Virginia, and that a responsive pleading had been timely filed. Just as in *Thompson*, based on these particular circumstances, the trial court was correct in finding that Julio should not be barred from presenting any defense allowed under Arkansas Code Annotated section 9–17–607.

Next, Virginia argues that California law governs the enforcement of the divorce decree, not Arkansas law; thus, the trial court erred in applying Arkansas law on laches to defeat her claim. However, Arkansas Code Annotated section 9–17–607 provides that a party contesting the validity or enforcement of a registered support order has the burden of proving certain defenses. One of the statutory defenses that is available to the contesting party is that there is a "defense *under the law of this state* to the remedy sought." Ark. Code Ann. § 9–17–607(5) (emphasis added). Thus, the statute clearly provides that Julio can assert the Arkansas law of laches as a defense to the enforcement of the support order. The trial court did not err in doing so.

Finally, Virginia argues that there was insufficient evidence to support Julio's claim of laches because there was no testimony that Julio had changed his position to his detriment—an element of the defense. Here, Virginia waited nearly twenty-five years to initiate a proceeding to collect spousal support. There was evidence that Julio never requested child support from Virginia even though such a remedy was available to him during this twenty-five-year period, but that his claim for such support is now barred. If he had known that Virginia intended to assert her alimony claim, he could have brought his claim for child support to offset the amounts owed. Additionally, Julio is now closer to retirement and might have handled his financial accounts differently if he had known that she intended to assert her claims. Twenty-five years is a long time, and until the claim was filed, there was no evidence that Virginia ever intended to assert her alimony claim, despite interaction between the parties. Based on these facts, it was not error for the trial court to find that Julio successfully established his defense of laches.

Affirmed.

VAUGHT and MURPHY, JJ., agree.

*Carla Miller* and *Kimberly Eden*, for appellant.

*Samuel J. Pasthing, P.A.*, by: *Samuel J. Pasthing*, for appellee.